**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Jeffrey Dodd Thomas, Appellant.

Appellate Case No. 2012-212428

Appeal From Lexington County
George C. James, Jr., Circuit Court Judge

Unpublished Opinion No. 2014-UP-143
Heard March 3, 2014 – Filed April 2, 2014

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Christina J. Catoe, of Columbia, for Respondent.

**PER CURIAM:** Jeffrey Thomas appeals his conviction for manufacturing methamphetamine, arguing the trial court erred in denying his motion for a directed verdict on the charge of manufacturing methamphetamine because the

prosecution failed to present any direct evidence or substantial circumstantial evidence that he engaged in the production, preparation, propagation, compounding, conversion, or processing of any substance containing amphetamine or methamphetamine.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *State v. Kelsey*, 331 S.C. 50, 62, 502 S.E.2d 63, 69 (1998) (providing that when ruling on a motion for directed verdict, the trial court is concerned with the existence of evidence rather than its weight); *State v. Cherry*, 361 S.C. 588, 594, 606 S.E.2d 475, 478 (2004) ("[A] trial judge is not required to find that the evidence infers guilt to the exclusion of any other reasonable hypothesis." (emphasis omitted)); *State v. Brandt*, 393 S.C. 526, 542, 713 S.E.2d 591, 599 (2011) ("When reviewing a denial of a directed verdict, an appellate court views the evidence and all reasonable inferences in the light most favorable to the State."); *id.* (stating if there is any direct evidence or substantial circumstantial evidence that reasonably tends to prove the guilt of the accused, this court must find the case was properly submitted to the jury); S.C. Code Ann. § 44-53-110 (Supp. 2013) (defining manufacturing as "the production, preparation, propagation, compounding, conversion, or processing of a controlled substance, either directly or indirectly by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of the substance or labeling or relabeling of its container"); S.C. Code Ann. § 44-53-375(D) (Supp. 2013) ("Possession of equipment or paraphernalia used in the manufacture of cocaine, cocaine base, or methamphetamine is prima facie evidence of intent to manufacture.").

**AFFIRMED.**

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**